UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ORIN ELEUTERIUS                                                                                   PLAINTIFF

V.                                            CIVIL ACTION NO. 1:06cv647-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY               DEFENDANT

**ORDER**

This order addresses Defendant's [35] Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment. Plaintiff in his [51] response withdraws any claims for breach of fiduciary duty and misrepresentation.

Hurricane Katrina totally destroyed Plaintiff's home north of the Bay of Biloxi. The coverage afforded under the homeowner policy issued by Defendant is $146,388 for the dwelling; $14,639 for dwelling extension; and $109,791 for personal property. Defendant paid nothing under these coverages, and only made payment in the amount of $2,510.23 for additional living expenses. Plaintiff also maintained a flood policy, the limits of which ($122,400 for dwelling, and $21,200 for personal property) have been recovered.

As in previous cases before this Court, most notably *Tejedor v. State Farm Fire and Casualty Company*, Civil Action No. 1:05cv679, and *Gemmill v. State Farm Fire and Casualty Company*, Civil Action No. 1:05cv692, Plaintiff's recovery, if any, will be limited by principles related to his actual loss in relation to all applicable policies of insurance. Of course, these principles apply only to the Plaintiff's claim for actual damages under the insurance contract he purchased from Defendant. If he can prove a case for punitive damages/extra-contractual damages, such limits will not apply to these claims.

It is on the punitive damages aspect of Plaintiff's case that Defendant focuses most of its energies. Despite this Court's decision in *Broussard v. State Farm Fire and Casualty Company*, Civil Action No. 1:06cv6, to which Defendant hardly refers except in negative terms, Defendant is still insisting that Plaintiff bears the ultimate burden of proving coverage, even when the policy covers accidental direct physical loss. There is also an indication in Defendant's reports that wind caused some damage to the Plaintiff's residence. Plaintiff also relies on a Wind/Water Protocol adopted by Defendant shortly following Katrina coupled with the application of an improper standard to his loss which is opposed to the terms of the policy.

To the extent that Plaintiff confesses that partial summary judgment is appropriate on two theories of recovery--fiduciary duty and misrepresentation--it will be granted. Otherwise, the Court is not in a position to rule in a fully informed manner on the remaining part of Defendant's

motion.

Accordingly, **IT IS ORDERED**:

Defendant's [35] Motion for Partial Summary Judgment as to any claims made by Plaintiff based on breach of a fiduciary duty and misrepresentations in the procurement of the subject insurance policy is **GRANTED**.

The Court reserves a ruling on Defendant's Motion for Partial Summary Judgment on the issue of extra-contractual and punitive damages.

**SO ORDERED** this the 12th day of June, 2007.

                                                s/ L. T. Senter, Jr.
                                                L. T. SENTER, JR.
                                                SENIOR JUDGE