UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ORIN ELEUTERIUS                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO.1:06CV647 LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

The Court has before it the motion [36] of State Farm Fire and Casualty Company (State Farm) to disqualify one of my law clerks, Jerry Read (Read), from further participation in this case and from further participation in any Katrina case in which State Farm is a defendant.  As grounds for this motion, State Farm asserts that Read's having filed suit against his property insurer, Allstate Insurance Company (Allstate), for property damage he, Read, sustained in Hurricane Katrina reasonably brings into question his, Read's, ability to discharge his duties as a law clerk in the context of Katrina litigation.

Read's lawsuit against Allstate was resolved by compromise settlement and dismissed with prejudice on January 17, 2007.  From the time the controversy between Read and Allstate arose, I have taken the steps necessary to assure that cases involving Allstate were assigned to my other law clerk.  Since the time Read's case against Allstate was resolved, I have considered relaxing this restriction, but I have not yet done so.  I imposed a similar restriction with respect to cases in which Lloyds London Underwriters (Lloyds) were involved because Read's excess flood policy was issued by Lloyds.  This restriction is still in effect.

Most cases in which the litigants assert that a member of the Court's staff should be disqualified are based on facts that establish a relationship between the staff member and one of the litigants or its counsel.  Sometimes this relationship is based on the law clerk's future employment or past employment, as in *McCulloch v. Hartford Life and Accident Insurance Co.*, 2005 WL 3144656 and *Monument Builders of Pennsylvania, Inc. v. Catholic Cemeteries Ass'n, Inc.* 190 F.R.D. 164 (E.D.Pa.1999), or both as in *Hall v. Small Business Administration*, 695 F.2d 175 (5th Cir.1983).  Sometimes this relationship is based on kinship or close social ties with a party or its counsel.  *See: Parker v. Connors Steel Co., 855 F.2d 1510 (11thCir.1988).*  Unlike the individuals involved in these cases, Read has no substantial relationship of any kind with either of the parties in this case or with their counsel.  When such a relationship exists, it has been the usual practice of the Court to exclude the staff member in question from participation in the case in which the issue has been raised. *See: Hall v. Small Business Administration,* 695 F.2d 175 (5th Cir.1983).  With respect to cases involving both Allstate and Lloyds this is the procedure I have followed.

     I am satisfied that Read's experience in sustaining property damage during Hurricane Katrina and in resolving his litigation with Allstate has not deprived Read of the ability to impartially discharge his duties as a law clerk in connection with other Katrina insurance cases in which neither Allstate nor Lloyds is a defendant.  Mr. Read has assured me that he has no insurance coverage with State Farm or with Nationwide, the two other major insurers involved in this litigation.  In the absence of the insurer-policyholder relationship, I do not believe that Read's impartiality is in any way impaired or compromised.

     Accordingly, the motion [36] to disqualify Jerry Read from further participation in this matter in the role of law clerk is hereby **DENIED**.

     **SO ORDERED** this 13th day of June, 2007.

                                                      s/ L. T. Senter, Jr.
                                                      L. T. SENTER, JR.
                                                      SENIOR JUDGE