UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**ORIN ELEUTERIUS**                                                                                                  **PLAINTIFF**


**V.**                                                              **CIVIL ACTION NO.1:06CV647 LTS-RHW**


**STATE FARM FIRE AND CASUALTY COMPANY**                                             **DEFENDANT**


## Memorandum Opinion

This opinion addresses two motions *in limine*: One motion [71] has been filed by State Farm Fire and Casualty Company (State Farm) and the other [64] by the plaintiff. I expect that the evidentiary issues raised by these motions may recur in other Katrina property insurance cases now pending on the Court's docket, and these rulings will be followed in later cases based on substantially similar facts.

State Farm's motion [71] addresses four issues:

### State Farm's "Wind/Water Claims Handling Protocol" and "Catastrophe Wind and Hail Study Guide"

In *Broussard v. State Farm*, Civil Action No. 1:06cv6 LTS-RHW, the plaintiffs offered into evidence the State Farm "Wind/Water Claims Handling Protocol," a document that the parties generally refer to as the "Wind/Water Protocol."  This is a memorandum developed by State Farm after Hurricane Katrina to establish the rules and procedures its adjustors were to follow with respect to property damage claims in which there was extensive damage from storm surge flooding, including the so-called "slab cases" in which the insured structure was completely destroyed, leaving only the building foundation.

State Farm contends that this Wind/Water Protocol should not be admissible in the liability phase of the trial.  State Farm asserts that the document is not relevant to the issue of whether the damage to the insured property was caused by wind, a covered risk, or water, an excluded risk under the State Farm policy.

Plaintiff contends that the Wind/Water Protocol is relevant because it was part of the rules and procedures that State Farm established for adjusting his claim.  Plaintiff contends that he should be permitted to question State Farm's representatives concerning this aspect of the adjustment of his claim.

I ruled in *Broussard* that this document was admissible during the liability phase of the trial, and I will follow that ruling on this part of State Farm's motion *in limine*. I was persuaded then, and I am persuaded now, that this document is admissible in any case where it became part of the process of adjusting the plaintiff's claim or part of the rules and procedures that applied to a category of claims that includes the plaintiff's claim.

In my view, a plaintiff is entitled to know and to cross-examine concerning the rules that were followed in the adjustment of his claim and to make inquiry as to how his insurer applied those rules to his particular claim. Excluding this document or any similar document that forms part of the rules under which Katrina-related property damage claims were evaluated by the insurer would, in my opinion, unfairly limit the right of the plaintiff to challenge the merits of the insurer's decisions during the adjustment process. See also: *Killeen v. State Farm Fire and Casualty Company*, 1:06cv649 LTS-RHW (order docketed at [68])

Accordingly, I will admit the State Farm Wind-Water Protocol into evidence during the liability phase of the trial, along with any similar documents that embody adjustment rules or procedures, if the plaintiff can establish that the document being offered was applicable to the adjustment of his individual claim or to a category of claims that includes his individual claim.

## The Plaintiff's Testimony Concerning the Value of the Insured Property

State Farm has challenged the anticipated testimony of the plaintiff concerning the value of the insured property before it was damaged in the storm. The value of the insured dwelling and its contents has been stipulated, but the value of the outbuilding has not, and that value remains in controversy. I understand, from the parties' statements at the pre-trial conference, that the plaintiff might testify not only to his personal opinion concerning the value of his insured outbuilding but also state that his evaluation is based on one or more of his neighbors' statements concerning the price they (the neighbors) received when they sold their real property. I will allow the plaintiff to express his opinion on the value of his property, but I will not permit him to support his opinion through testimony that would obviously be inadmissible hearsay, i.e., I will not permit the plaintiff to buttress his own opinion by stating what he was told by his neighbors concerning the price they received for their property.

In making this ruling, I am following the Mississippi precedent from eminent domain cases that allow the property owner to express his opinion of the value of his property despite his not being qualified as an expert on this issue. See: *Mississippi State Highway Com'n v. Franklin County,* 488 So.2d 782 (Miss.1986); *Bynum v. Mandrel Industries, Inc.*, 241 So.2d 629 (Miss.1970); *City of Clarksdale v. Stuart*, 184 Miss. 179, 185 So. 588 (1939).

## The Plaintiff's Testimony
## that the Wind He Heard During Hurricane Katrina Sounded Like a Tornado

The plaintiff apparently stayed near, but not in, his home during Hurricane Katrina. The plaintiff rode out the storm in a home approximately half a mile from his own dwelling, the insured property in this case. I understand that during his deposition the plaintiff testified that the wind he heard during the storm sounded like a tornado. State Farm has challenged the admissibility of this characterization or conclusion on the grounds that the plaintiff has never heard the sound of a tornado and therefore has no factual basis on which to use this description of the sound he heard during the storm. I believe this objection is well taken, and it will be sustained.

I will of course allow the plaintiff to describe what he heard during the storm, subject to cross-examination by State Farm, but I believe it would be unfair to allow the plaintiff to testify that the wind sounded like a tornado unless the plaintiff has heard what a tornado sounds like. Accordingly, I will hereby instruct plaintiff's counsel to notify the plaintiff that when he testifies he is not to state this conclusion or to describe what he heard in these terms.

## Other Engineering Reports

State Farm objected to the introduction of testimony concerning its decisions whether to use engineering reports in connection with other Katrina property damage claims. Plaintiffs have confessed this motion, and plaintiff's counsel has indicated that no such evidence will be offered. This part of State Farm's motion *in limine* will therefore be sustained.

The plaintiff's motion *in limine* [64] deals with a single issue:

## Financial Assistance the Plaintiff Has Received Since Hurricane Katrina

I understand that the plaintiff has received a loan from the United States Small Business Administration (SBA) since the time Hurricane Katrina damaged the insured property. Plaintiff has objected to the introduction of any evidence, by cross examination or otherwise, concerning the plaintiff's having received this financial assistance. I agree with the plaintiff that this information is not relevant to any issue in this lawsuit.

State Farm expressed its basic agreement that the outside financial assistance the plaintiff received is not relevant to any issue in this case. State Farm is concerned, however, with protecting itself from conflicting or inconsistent claims in the event it is required to respond in damages to the plaintiff's claim. I believe State Farm's concern is legitimate. If the plaintiff has assigned all or any part of his right to receive compensation for the losses caused by Hurricane Katrina, then that assignment must be honored.

If the plaintiff's SBA loan was made on terms similar to those that I have seen in other cases, the SBA holds an assignment of all or part of the insurance proceeds at stake in this litigation. If the plaintiff succeeds on the merits of his claim, State Farm will be able to protect its interests only by following the terms of the assignment the plaintiff has given to the SBA. Accordingly, in this and any other case in which a plaintiff has given the SBA (or any other third party) an assignment of insurance proceeds, I will fashion any judgment I enter to take the terms of the assignment into consideration to prevent the risk that the defendant will suffer a second exposure to damages for failure to honor the terms of an SBA (or other third-party) assignment.

Unless the plaintiff offers evidence in support of a claim for damages on the grounds that the insurer's refusal to pay his claim has caused a financial hardship, which is not anticipated in this case, I will exclude any testimony concerning financial assistance the plaintiff has received from the public. Should the plaintiff offer such evidence, the defendant would be entitled to explore this issue on cross-examination.

An appropriate order will be entered.

**SO ORDERED** this 19th day of June, 2007.

s/ L. T. Senter, Jr.
L. T. Senter, Jr.
Senior Judge