UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


ORIN ELEUTERIUS                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:06cv647-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                         DEFENDANT


### ORDER

The Court has ruled [78] on Plaintiff's [64] motion *in limine* regarding outside financial assistance that Plaintiff may have obtained as a result of his Hurricane Katrina loss. This order addresses Plaintiff's [62] motion *in limine* dealing with demonstrative evidence that may be used during the testimony of Defendant's expert(s).

Between the filing of the current motion on June 6, 2007, and the final pretrial conference held on June 18, Defendant [75] responded that it filed (in the same time frame) supplemental expert reports which now include reference to a PowerPoint presentation to be used as demonstrative evidence (the "supplemental" designation is docketed at [72]). Defendant maintains that such evidence will be used to "demonstrate the analysis and conclusions of the reports of [its experts] . . . ." Defendant also believes that this "supplement" should provide the Plaintiff ample opportunity in advance of trial to offer "any argument in response to the information contained in the PowerPoint." Trial will be held on July 16.

In *McCoy v. State Farm Fire and Casualty Co.*, Civil Action No. 1:06cv4, the Court determined that "[p]ortions of expert reports shown to the jury shall be exact replicas of what is contained in the [original] report. This is no different from referring to parts of a claims file maintained by Defendant. These documents speak for themselves and may be explored by counsel, but not in summary fashion." In the instant case, Defendant admits that it is not offering new expert witnesses, and a review of its argument indicates that there are no "additions or other changes to [the expert] information." Fed. R. Civ. P. 26(e)(1).

Defendant will not be allowed to introduce "demonstrative evidence" under the guise of calling it a "supplement," especially when it appears that the sole purpose for offering the "supplement" is not to fulfill a duty under the Federal or Local rules, but to avoid the Court's prior ruling on a similar issue. Furthermore, placing the burden on Plaintiff at this late date to counter this material is unduly prejudicial.

Accordingly, **IT IS ORDERED**:

Plaintiff's [64] motion *in limine* is **GRANTED** consistent with the above comments .

Demonstrative evidence during expert testimony shall be limited to specific excerpts from expert reports originally prepared and submitted on Defendant's behalf, and any PowerPoint presentation or other "supplemental" material (in whatever form) not contained therein is **EXCLUDED** from evidence as well as during any testimony or any other use at trial.

    **SO ORDERED** this the 27th day of June, 2007.

                                              s/ L. T. Senter, Jr.
                                              L. T. SENTER, JR.
                                              SENIOR JUDGE